UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2214-FL

| | |
|---|---|
| UNITED STATES of AMERICA, )<br>)<br>Petitioner, )<br>v. )<br>)<br>CLARKE COLEMAN SHAW, )<br>)<br>Respondent. ) | **MEMORANDUM AND RECOMMENDATION** |

This case, brought under 18 U.S.C. § 4248 ("§ 4248"), is before the court on respondent's motion (D.E. 34) for a hearing "in the near future" or, in the alternative, to transfer venue to the Eastern District of California. The government filed a response (D.E. 36) with exhibits (D.E. 36-1 & -2) in opposition, and respondent filed a reply (D.E. 37) with an exhibit (D.E. 37-1). The motion was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 4 Jan. 2011 docket entry). For the reasons stated below, it will be recommended that respondent's motion be denied in part and denied in part as moot.

## BACKGROUND

Respondent was convicted of possession of child pornography in the Eastern District of California and received a 37-month term of imprisonment and 3-year term of supervised release. (24 Oct. 2008 Order ("2008 Order") (D.E. 16) 1). He was incarcerated at the Federal Correctional Institution-Butner ("FCI-Butner") from July 2003 until January 2005, when his supervised release began. (*Id.*). His supervised release was revoked on 14 September 2007, and he received a 2-month term of incarceration. (*Id.*). Prior to completion of that term, he was again placed at FCI-Butner. (*Id.*).

The government commenced this commitment proceeding against respondent in this court

on 30 November 2007, two days prior to respondent's scheduled release. (*Id.*). The case was commenced by the filing of a certification of respondent as a sexually dangerous person on behalf of the Director of the Federal Bureau of Prisons ("BOP") (D.E. 1-2), pursuant to § 4248. 18 U.S.C. § 4248(a). The court stayed the case in January 2008 pending completion of appellate proceedings in another § 4248 case in this court, *United States v. Comstock*, No. 5:06-HC-2195-BR (E.D.N.C.). (*See* D.E. 2). The stay was lifted in June 2010. (*See* D.E. 24).

On 4 September 2008, respondent filed a motion (D.E. 11) to transfer this case to the Eastern District of California. By the 2008 Order, Senior United States District Judge W. Earl Britt denied the motion. The case was subsequently reassigned to Chief United States District Judge Louise W. Flanagan, who currently presides over it.[1] (*See* D.E. 30).

The present motion, filed 24 September 2010, rests primarily on the filings submitted on the previous motion, which the present motion incorporates by reference. They are the prior motion and an incorporated memorandum (D.E. 34-1), a response by the government (D.E. 34-2), and a reply (D.E. 34-3) by respondent. The current motion–consisting of nine numbered paragraphs largely reciting the case history–provides scant additional information. Respondent filed no new supporting memorandum. Respondent's reply–equivalent to a single page of text–also provides little additional information. The government's response is the same as that filed on the prior motion.

---

[1] The court retains the discretion to revisit the issue of transfer notwithstanding its having previously been litigated before another judge in this case. "[W]hether rulings by one district judge become binding as 'law of the case' upon subsequent district judges is not a matter of rigid legal rule, but more a matter of proper judicial administration which can vary with the circumstances." *Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, 290 n.3 (4th Cir. 1982).

**DISCUSSION**

I.  **HEARING IN NEAR FUTURE**

Respondent seeks a hearing in the near future based, of course, on the extended delay in his case. He notes that "[i]n the almost two years since Judge Britt denied the motion to transfer the 18 U.S.C. 4248 case to the Eastern District of California, the entire landscape in these [§ 4248] cases has changed . . . [but he] remains in custody." (Mot. 2).

It is true that there have been major developments in this case since the 2008 Order. These changes, however, have brought this case closer to a hearing and undermine the principal relief respondent seeks.

Most notably, the appellate litigation underlying the stay has been resolved, the stay has been lifted, and the court has entered a standing order governing § 4248 cases, Standing Order No. 10-SO-01 (4 Aug. 2010). In addition, the court has ordered, at respondent's request, that this case proceed to a commitment hearing. (*See* D.E. 56 at p. 2 ¶ 2). Moreover, under the current schedule, the case should be ready for hearing within approximately 90 days. Specifically, the remaining pre-hearing proceedings consist of the period of open discovery totaling 60 days, which started no later than 16 August 2011 when respondent's initial disclosures were due, and then a period of about 30 days for pre-hearing disclosures and preparation of the final pre-hearing order. Respondent himself has sought and obtained extensions of the deadline for his disclosures and thereby the deadline for completion of discovery and the other pre-hearing proceedings. (*See* D.E. 56 ¶ 4; D.E. 76).

The court concludes that respondent's case is at present proceeding toward a hearing in the near future, as he requests. This portion of his motion should therefore be denied as moot.

## II. TRANSFER

Respondent contends that transfer is required because venue is improper in this district. Alternatively, he argues that the convenience of the parties and witnesses requires transfer, pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"). The court will examine each contention in turn.

### A. Impropriety of Venue as Grounds for Transfer

Under the general venue statute, venue of a civil case is proper–that is, the case may be brought–in a district where the defendant resides, a substantial part of the events at issue occurred, or any defendant may be found, if there is no other district in which venue is proper. 28 U.S.C. § 1391(b). Section 4248 also contains a provision bearing on venue. It states that "[i]n relation to a person who is in the custody of the Bureau of Prisons . . . the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court *for the district in which the person is confined*." 18 U.S.C. § 4248(a). The law provides for transfer of a case, or its dismissal, if venue is not proper: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

As noted in the 2008 Order, respondent argued on the prior motion that venue is improper in this court because "he is not a resident of North Carolina, no substantial part of the events which gave rise to the claim took place in North Carolina, and this action could have been brought in California." (2008 Order 2 (citing Prior Mot. 2-3)). His current motion and reply provide no material supplementation of these arguments. On both the prior and current motions, the government relied on the contention that venue in this court is proper under the referenced provision

4

in § 4248: the certificate of sexual dangerousness had to be filed here because at the time respondent was confined here.

Although the 2008 Order does not make an express finding that venue is proper in this court, its denial of transfer necessarily implies this determination. The court has evaluated anew the propriety of venue in this district and reaches the same result. In this instance, it makes the specific finding that venue is proper in this court under, at least, the § 4248 provision. The court should therefore reject impropriety of venue as a basis for transfer.

B.     **Convenience of Parties and Witnesses as Grounds for Transfer**

Even where venue is proper, a district court may transfer a case. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The courts have identified eleven factors that should be considered in deciding whether to order transfer:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative ease of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

*Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93, 96 (W.D.N.C.1990). The decision on transfer under § 1404(a) is within the court's discretion. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

5

Case 5:07-hc-02214-FL   Document 79   Filed 08/23/11   Page 5 of 7

As the 2008 Order noted, respondent contended in his prior motion that transfer of this case for convenience was necessary because, among other reasons, all his potential witnesses are located in California and the law does not require that a commitment proceeding be brought in the same district in which the respondent is purportedly to be evaluated and treated. (2008 Order 2). Other arguments by respondent included the backlog of § 4248 cases in this court. (4 Sept. 2008 Transfer Mot. 6 ¶ 9). Respondent does not materially augment these contentions in his motion and reply on his present motion. As also noted in the 2008 Order, the government argued, and continues to argue, that "the only two BOP facilities in the Eastern District of California, 'are [not] designated to conduct sex offender specific risk evaluations, nor to provide treatment to individuals needing sex offender specific treatment.'" (2008 Order 2).

In the 2008 Order, Judge Britt recognized that "[a]s a general proposition, the transfer of civil commitment cases is strongly disfavored." (*Id.* 2-3 (citing, *e.g.*, *United States v. Copley*, 25 F.3d 660, 662 (8th Cir. 1994)). He found that the facts and circumstances of this case were not so compelling as to merit the requested transfer to the Eastern District of California. (*Id.* 3-4).

The court has again analyzed the issue of transfer for the convenience of the parties and witnesses, assuming without deciding that this case could have been brought in the Eastern District of California within the meaning of § 1404(a) and applying the relevant factors[2] among those set out above. As before, it finds that a transfer for convenience is not warranted. In this instance, the court finds specifically that the factors relied upon by respondent, including most notably the alleged availability of witnesses in California, do not overcome, among other considerations, the antipathy

---

[2] The availability of a view and avoidance of unnecessary problems with the conflict of laws are not relevant. The enforceability of a judgment is essentially irrelevant because it would be the same in either venue.

in the law against transfer of civil commitment cases and the status of FCI-Butner as the only facility in the country designated by BOP to confine individuals certified under § 4248 (Dec. of Karen L. Steinour (D.E. 36-2) ¶ 9). Indeed, the fact that the action is significantly closer to a hearing now renders the case for transfer for convenience even weaker than before. This alternative basis for the transfer motion should accordingly also be rejected by the court.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that respondent's motion (D.E. 34) be DENIED IN PART and DENIED IN PART AS MOOT.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 29 August 2011 or such other period as the court may direct in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except on grounds of plain error, from attacking on appeal the unobjected-to legal conclusions accepted by the District Judge. Any response to objections is due no later than ten days from service of the objections or 8 September 2011, whichever is earlier.

SO ORDERED, this 22nd day of August 2011.

James E. Gates
United States Magistrate Judge