IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2214-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CLARKE COLEMAN SHAW, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for hearing or, in the alternative, to transfer venue to the Eastern District of California (DE # 34). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") wherein he recommends that the court deny as moot the motion for hearing and deny in part the motion to transfer. No objections to the M&R have been filed, and the time within which to make any objection has expired.[1] In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198,

---

[1] The M&R expressly provided that the deadline for filing objections was August 29, 2011. (M&R 7.)

200 (4th Cir. 1983).

The background of this case is laid out in detail in the M&R and requires no repetition here. (M&R 1-2.) As to respondent's motion for hearing, the court agrees with the magistrate judge that this case is presently proceeding towards hearing in the near future, and as such, the motion for hearing is properly denied as moot. The court also agrees with the magistrate judge's analysis on the issue of transfer. Venue is proper in this district under 18 U.S.C. § 4248(a), and respondent's argument that transfer is warranted for convenience and availability of witnesses does not overcome the general proposition that transfer of civil commitment cases is strongly disfavored. (See Order of October 24, 2008, 2-3) (citing United States v. Copley, 25 F.3d 660, 662 (8th Cir. 1994)). The fact that this case is significantly closer to a hearing renders the case for transfer much weaker. Respondent's motion to transfer is also denied.

## CONCLUSION

In sum, the magistrate judge recommends denying as moot the motion for hearing and denying the motion to transfer. Upon considered review of the M&R, the court finds that the conclusions reached by the magistrate judge are supported by controlling case law as applied to the facts of this case. As such, the court ADOPTS in full the findings and recommendations of the magistrate judge. Accordingly, respondent's motion for hearing is DENIED AS MOOT and motion for transfer is DENIED (DE # 34).

SO ORDERED, this the 13th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge

2

Case 5:07-hc-02214-FL   Document 82   Filed 09/14/11   Page 2 of 2